SUMMARY ORDER

Inderjit Singh, a native and citizen of India, seeks review of an October 31, 2008 order of the BIA affirming the January 4, 2007 decision of Immigration Judge (“IJ”) Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Inderjit Singh, No. A099 525 780 (B.I.A. Oct. 31, 2008), aff'g No. A099 525 780 (Immig. Ct. N.Y. City Jan. 4, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
Substantial evidence supports the IJ’s adverse credibility determination. For example, while Singh testified that he was released from police custody on August 28, 2003, he later testified that he was arrested on October 27, 2003, nearly two months after he was allegedly released. Additionally, when asked to provide the date on which he went into hiding in Delhi, Singh provided five different dates: September 15, 2002; September 2, 2005; September 15, 2005; September 14, 2004; and, finally, September 15, 2004.
The IJ also noted that while Singh testified that his wife brought both of his children to visit him in the hospital “two or three” days after he was admitted on August 30, 2004, he testified that his son was not born until September 5, 2004. Additionally, while Singh testified that he was being treated in the hospital for injuries until September 9, 2004, Singh testified that he was present for the birth of his son on September 5, 2004.
*68 Asked to provide explanations for these and other discrepancies, Singh claimed to have made simple errors. Even if plausible, the IJ did not err in refusing to credit these explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Ultimately, the agency’s adverse credibility determination and the resulting denial of Singh’s application for asylum were supported by substantial evidence. See Xiu Xia Lin, 534 F,3d at 165-66. Because Singh based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148,156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165.